UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
84 ALBANY AVENUE REALTY CORP.,

                                 Plaintiff,

        -against-

THE STANDARD FIRE INSURANCE
COMPANY,

                               Defendant.
---------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-2930

(Wexler, J.)

APPEARANCES:

    THE LAW OFFICE OF BARBARA A. MATARAZZO
    BY:    Barbara A. Matarazzo, Esq.
    Attorney for Plaintiff
    1025 Westchester Avenue, Suite 402
    White Plains, New York 10604

    CARTER LEDYARD & MILBURN LLP
    BY:    Judith A. Lockhart, Esq.
              Leonardo Trivigno, Esq.
    Attorneys for Defendant
    2 Wall Street
    New York, New York 10005

    STRADLEY, RONON, STEVENS & YOUNG, LLP
    BY:    Craig Russell Blackman, Esq.
              Gina M. Stowe, Esq.
    Attorneys for Defendant
    2005 Market Street, Suite 2600
    Philadelphia, PA 19103

WEXLER, District Judge:

    Before the Court is the Defendant's motion to dismiss Plaintiff's Complaint, pursuant to

Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted and Plaintiff's Complaint is dismissed in its entirety.

## BACKGROUND

On or about August 17, 2011, Defendant, The Standard Fire Insurance Company, issued Plaintiff, 84 Albany Avenue Realty Corp., a flood insurance policy with respect to the property located at 80-84 Albany Avenue in Freeport, New York. (Compl. ¶ 5.) The insurance policy provided for $500,000 in building loss coverage and $60,800 in contents loss coverage, with coverage for debris removal. (Compl. ¶ 14.)

Plaintiff did not receive a Renewal Notice for the insurance policy prior to its expiration date of August 17, 2012. (Compl. ¶ 7.) On October 15, 2012, Plaintiff received a Flood Insurance Expiration Notice (the "Expiration Notice"), dated August 18, 2012. (Compl. ¶¶ 8-9.) The Expiration Notice advised Plaintiff that its insurance policy could be reinstated if the premium payment was received within ninety (90) days of the expiration date.[1] (Compl. ¶ 8.)

On October 29, 2012, as a result of Hurricane Sandy, Plaintiff sustained a flood loss to the insured property, as well as to personal property located within the premises. (Compl. ¶¶ 13, 15.) On October 30, 2012, Plaintiff remitted its insurance premium payment via credit card in the sum of $2,994.00 in order to renew its flood insurance policy. (Compl. ¶ 10.) On November 1, 2012, Plaintiff received a response from Defendant, acknowledging its premium payment and

---

[1] According to FEMA's guidelines, however, where a premium payment is made more than thirty days after a policy has expired, but within ninety days following the expiration, "the policy will be placed in force 30 days following receipt by the insurer." (Matarazzo Aff., Ex. C at § V.)

stating that the transaction was approved. (Compl. ¶¶ 11-12.)

Plaintiff, through its insurance broker, notified Defendant of its flood loss and insurance claim on November 5, 2012. (Compl. ¶ 15.) Although Plaintiff's insurance broker was advised that an adjuster would contact Plaintiff within forty-eight hours, no such contact was ever made. (Compl. ¶¶ 16-17.)

By letter dated December 1, 2012, Defendant notified Plaintiff that its insurance claim was being denied due to a lapse in coverage. (Compl. ¶¶ 18-19.)

Plaintiff commenced this action on May 16, 2013, alleging breach of contract on the grounds that Defendant's denial of coverage is not effective because Plaintiff renewed its insurance policy when it remitted the premium payment on October 30, 2013. Defendant now seeks to dismiss Plaintiff's Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### I. Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the

complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal,129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Rather, only a complaint that "states a plausible claim for relief" will survive a motion to dismiss. Iqbal, 129 S. Ct. at 1950.

"For purposes of a motion to dismiss, a complaint is deemed to include 'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . as well as . . . documents that the plaintiff[] either possessed or knew about and upon which [he] relied in bringing the lawsuit.'" Marvin Inc. v. Albstein, 386 F. Supp. 2d 247, 250 (S.D.N.Y. 2005) (quoting Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)); see also Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005) ("In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."). Accordingly, the Court may consider the SFIP issued to Plaintiff by Defendant in rendering this decision.

-4-

II.   The National Flood Insurance Program

Under the National Flood Insurance Act of 1968, 42 U.S.C. §§4001-4127 ("NFIA"), "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various management measures." Palmieri v. Allstae Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006). The NFIA provided for the creation of the NFIP, which is administered by the Federal Emergency Management Agency ("FEMA") and supported by taxpayer funds, to "pay for claims that exceed the premiums collected from the insured parties." Jacobson v. Metropolitan Property & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (citation omitted). "Congress has authorized FEMA to 'prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance.'" Id. (quoting 42 U.S.C. § 4019). "This regulatory scheme, including the terms and exact language of the [Standard Flood Insurance Policy ("SFIP")], is recorded in the Code of Federal Regulations." Jacobson, 672 F.3d at 174 (citing 44 C.F.R. §§ 61.1-78.14).

In 1983, FEMA created the Write Your Own ("WYO") program, which allows private insurance companies to issue SFIPs in their own names as "fiscal agent[s] of the Federal Government." 44 C.F.R. § 62.23(a), (g). "Thus, while the private insurance companies administer the federal program, '[i]t is the Government, not the companies, that pays the claims.'" Jacobson, 672 F.3d at 175 (quoting Palmieri, 445 F.3d at 184) (additional citation omitted). The Defendant here, The Standard Fire Insurance Company, is a "WYO Company." 44 C.F.R. § 62.23(b). "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood

insurance it issued under the [WYO] Program, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d).

III. <u>The Expiration of Plaintiff's Insurance Policy</u>

Section H of the SFIP issued to Plaintiff pertains to "Policy Renewal" and states as follows: "This policy will expire at 12:01 a.m. on the last day of the policy term." (SFIP, Art. VIII, § H(1), annexed to Matarazzo Aff. at Ex. B.) Accordingly, Plaintiff's insurance policy expired, by its terms, at 12:01 a.m. on August 18, 2012.

Although Plaintiff asserts in its Complaint that it never received a Renewal Notice prior to the due date for the renewal premium of August 17, 2012, (compl. ¶ 7), Plaintiff does state that it received the Expiration Notice on October 15, 2012, prior to sustaining a flood loss. (Compl. ¶ 9.) However, as Plaintiff also states in its Complaint, it took no action to renew its insurance policy until October 30, 2012, more than two weeks after receiving the renewal notice and one day after it sustained a flood loss in Hurricane Sandy. (Compl. ¶ 10.)

Plaintiff argues in its opposition to Defendant's motion to dismiss that Paragraph 3 of Section H of the SFIP should apply since Plaintiff never received a Renewal Notice. Paragraph 3 states as follows:

> If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete or illegible address, which delayed its delivery to you before the due date for the renewal premium, then we will follow these procedures:
>
> > a. If you or your agent notified us, not later than one year after the date on which the payment of the renewal premium was due of nonreceipt of a renewal notice before the due date

>    for the renewal premium, and we determine that the circumstances in the preceding paragraph apply, we will mail a second bill providing a revised due date, which will be 30 days after the date on which the bill is mailed.
>
>    b. If we do not receive the premium requested in the second bill by the revised due date, then we will not renew the policy. In that case, the policy will remain an expired policy as of the expiration date shown on the Declarations Page.

(SFIP Art. VIII, § H(3).)

However, the very language of this provision requires the insured to notify the insurance company that it has not received a renewal notice. Nowhere in Plaintiff's Complaint does it state that Plaintiff notified Defendant of the failure to receive a renewal notice. Accordingly, Plaintiff's reliance on this provision to avoid dismissal fails.

Plaintiff cites to a litany of cases in support of its various arguments that its Complaint should be permitted to move forward. However, all of the cases that Plaintiff cites to involve the private insurance context, not federally funded insurance such as the NFIP. As the Second Circuit has instructed, "[i]n a private insurance context, policy exclusions and limitations 'are to be accorded a strict and narrow construction,'" which is ordinarily "to the benefit of the insured." Jacobson v. Metropolitan Prop. & Cas. Ins. Co., 672 F.3d 171, 175 (2d Cir. 2012) (quoting Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 311 (1984)). "But when private parties make demands on the public fisc, different principles are at stake." Jacobson, 672 F.3d at 175.

In the federal insurance context, the Supreme Court has long held that "an insured must comply strictly with the terms and conditions of such policies." Id. (citing Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384-85 (1947)). "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for the receipt

of such funds," id. (quoting Wright v. Allstate Ins. Co., 415 F.3d 384, 388 (2d Cir. 2005)), and to "act with scrupulous regard for the requirements of the law." Jacobson, 672 F.3d at 175. "Those who deal with the Government are expected to know the law . . . ." Jacobson, 672 F.3d at 175 (quoting Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 467 U.S. 51, 63 (1984)).

By the express terms of Plaintiff's SFIP, and according to the facts stated in the Complaint, Plaintiff's insurance coverage expired at 12:01 a.m. on August 18, 2012 and was not renewed until October 30, 2012. As stated supra, under FEMA's guidelines, since Plaintiff did not remit its renewal premium payment until more than thirty days after expiration of the policy, but within ninety days of expiration, any renewal did not take effect until thirty days after receipt of the premium payment by Defendant, which, in this case, was December 1, 2012. Therefore, there was no insurance coverage in place when Plaintiff sustained a flood loss as a result of Hurricane Sandy on October 29, 2012 and Plaintiff's Complaint fails to state a claim for relief.

IV.  The Known Loss Doctrine

Defendant asserts that Plaintiff's claim is also barred by the "known loss doctrine," a New York public policy that holds that "an insured may not obtain insurance to cover a loss that is known before the policy takes effect." National Union Fire Ins. Co. of Pittsburgh, Pa. v. The Stroh Cos., Inc., 265 F.3d 97, 106 (2d Cir. 2001) (quoting Stonewall Ins. Co. v. Asbestos Claims Mgt. Corp., 73 F.3d 1178, 1214 (2d Cir. 1995), modified on other grounds, 85 F.3d 49 (2d Cir. 1996)). The application of this doctrine requires "consideration of whether, at the time the insured bought the policy (or the policy incepted), the loss, as opposed to the [mere] risk of loss, was known." Union Carbide Corp. v. Affiliated FM Ins. Co., 958 N.Y.S.2d 311 (Sup. Ct. 2010)

(quoting National Union Fire Ins. Co. of Pittsburgh, Pa. v. Xerox Corp., 792 N.Y.S.2d 772 (Sup. Ct. 2004), aff'd, 807 N.Y.S.2d 344 (1st Dep't)). "This limitation to the doctrine obtains because knowledge of a risk is the very purpose of acquiring insurance." Union Carbide, 958 N.Y.S.2d 311 (quotation omitted).

Here, it is undisputed that the flood loss sustained by Plaintiff occurred as a result of Hurricane Sandy on October 29, 2012. It is further undisputed that Plaintiff did not attempt to renew its flood insurance policy until October 30, 2012, the day after it's flood loss occurred. By doing so, Plaintiff sought to accomplish the very thing the known loss doctrine prohibits - to "obtain insurance to cover a loss that is known." The Stroh Cos., 265 F.3d at 106. Accordingly, Plaintiff's claim is also barred by the known loss doctrine.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's Complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment accordingly and to mark this case closed.

**SO ORDERED:**

Dated: Central Islip, New York
April ⏌, 2014

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge